[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover the sum of $3,361.00 for professional services performed for the defendant. The defendant claims that the plaintiff has been paid in full for any services rendered, and that any work done beyond the $500.00 which the defendant paid was unauthorized. CT Page 6690
Although the plaintiff's claim exceeds the jurisdiction of the Small Claims Court, the plaintiff commenced this case as a Small Claims matter. The case was transferred to the regular docket of the Superior Court upon motion of the defendant.
In 1984 the defendant purchased a tract of land in Hebron which was, according to the deed he received, approximately forty-six acres. The deed to the defendant's predecessor in title, however, indicated the same tract consisted of more than sixty-four acres. Surveys done by the prior owner concluded that forty-six acres more or less was the correct acreage.
The defendant somehow believed that the tract he bought was substantially larger than forty-six acres. After many hours of researching the Hebron land records, (by his testimony between 4000 and 5000 hours), he concluded that the tract was at least 15.5 acres larger then his deed stated, and thought the tract could possibly be as large as 100 acres or more.
During the month of November, 1989, while researching the land records in Hebron, the defendant got into a conversation with an associate of Mr. Schindler, who happened to be searching an unrelated matter at the town hall. As a result of that conversation, which focused on the defendant's title "problem", a meeting was scheduled at Mr. Schindler's office in Ellington for November 28, 1989. Mr. Schindler is a licensed land surveyor with many years of licensed experience. He is a member of multiple state, regional and national professional associations. He has done thousands of property surveys and is a qualified licensed surveyor, (and was also in 1989).
At that meeting Mr. Schindler agreed to independently research the matter in an effort to resolve any question of the size of the tract. The defendant paid the plaintiff a $500.00 retainer. A retainer is described as a preliminary fee (emphasis added) given to counsel to secure his services, Ballantine's Law Dictionary. While Mr. Schindler is not an attorney the connotation of "retainer" is the same. It is considered to be a preliminary fee by ordinary interpretation.
The defendant claims that all he wanted Mr. Schindler to do was survey the 15.5 acres, and that since he had already done the necessary record search there was no need to duplicate it. That argument is not persuasive. CT Page 6691
Mr. Schindler is a professional surveyor. He is obliged to do more than just set pins or otherwise locate boundary lines where the client would like them to be. Having been retained to clarify the boundaries of the tract he went about that task. He had to go back in the land records as far as necessary to determine a "frame" or base tract. He found that frame in the records for 1756. From that, together with other data, he could trace the various conveyances out and arrive at a conclusion as to what the defendant owned.
That research was done and resulted in a finding that the defendant had title to 47.15 acres, more or less.
The parties met at Schindler's office on December 22, 1989. At that meeting, which lasted approximately six hours, the plaintiff tried to explain his findings and conclusions to the defendant, but the defendant refused to accept the plaintiff's report as accurate and indicated they needed to do further research. The defendant subsequently sent at least one more deed to the plaintiff, but it did not change the plaintiff's opinion in any way.
The plaintiff, on December 27, 1989, met with the defendant's attorney at the attorney's office. The defendant was sick and did not attend that meeting at which the plaintiff explained what he had done, and left supporting documentation with the attorney.
The plaintiff submitted a bill in the amount of $2,119.00 for professional services through December, 1989. (Exhibit C). The $500.00 retainer was credited on it. The bill was based on 48.5 hours at $50.00 per hour, plus tax.
After the meeting of December 27, 1989, the defendant contacted the plaintiff and asked for a further summary and a billing break-down. The plaintiff, in response, prepared a four page synopsis and five map overlays which was provided to the defendant. (Exhibit B). The defendant denies asking the plaintiff for the clarifying synopsis however the Court finds the plaintiff's testimony to be credible and logical on this point. The defendant was not satisfied that the plaintiff had fully examined the matter. He sent a deed or deeds to the plaintiff in an effort to show the plaintiff he owned additional land. In short, he wanted additional investigation and clarification. Exhibit B was prepared to comply with that request.
Further, the defendant in a separate matter is suing CT Page 6692 Regional School District No. 8 to recover a portion of the 15.5 acres he wanted the plaintiff to research. In that case, which is presently pending, the defendant in answering interrogatories stated that Mr. Schindler is an expert witness who might be called to testify as to his conclusions based on research he had done, that he has plans of the property prepared by Mr. Schindler dated January 11, 1990 (which is the date exhibit B was prepared), which show ownership of the land, and that Mr. Schindler could be expected to testify as to boundary lines based on his research of the Hebron Land Records. These facts tend to corroborate the plaintiff's testimony that further investigation and work was requested by the defendant after the meeting of December 1989.
The plaintiff has submitted a bill for the additional work, at the same hourly rate, in the amount of $1,242.00
The total owing to the plaintiff for his services is $3,361.00. (exhibit). The Court finds this amount to be reasonable for the services provided.
The plaintiff is entitled to statutory interest (10% per annum) as follows:
On $2,119.00 from 1/2/89 to 8/29/90 = $346.26
On $3,361.00 from 8/29/90 to 7/1/92 = 618.24
Total Interest $964.50
In addition, pursuant to Connecticut General Statutes Section 52-251a, the plaintiff is entitled to recover reasonable attorney's fees. Counsel has indicated his fees are $1,354.00 which is reasonable under the circumstances of this case, which included a full trial.
Accordingly, judgment shall enter for the plaintiff in the amount of $5,679.50.
BY THE COURT,
Hon. Lawrence C. Klaczak, J. Superior Court Judge CT Page 6693